In the Matter of MANHATTAN MUTUAL AUTOMOBILE CASUALTY COMPANY, INC., Appellant, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Third Department, May 3, 1944.

*Nordlinger, Riegelman, Cooper & Benetar* (*H. H. Nordlinger* and *Jacob I. Charney* of counsel), for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *John C. Crary, Jr., Assistant Attorneys-General,* of counsel), for respondent.

BREWSTER, J. This is an appeal from an order of the Albany Special Term which dismissed appellant's petition on the law. The petition was for the institution of a proceeding under article 78 of the Civil Practice Act to review and cancel an assessment made by respondent in determination of appellant's prorata share for which it was liable to reimburse the State for its expenses in administering, for the fiscal year 1941–42, article 6-A of the Vehicle and Traffic Law. (New York Motor Vehicle Safety-Responsibility Act, L. 1941, ch. 872.) The assessment was made by authority of section 94-ii of said article of the Vehicle and Traffic Law, as amended by chapter 324 of the Laws of 1942. The section, as amended, directed the respondent to assess the total amount of such expenses as follows: " * * * prorata upon all insurance carriers in proportion to the gross direct premiums, less return premiums thereon, written by

them during the calendar year ending December thirty-first immediately preceding the fiscal year for which the assessment is made for policies or contracts of automobile bodily injury insurance covering risks resident or located in this state.''

The major part of petitioner's insurance writing and premiums therefrom, during the assessment period in question, consisted of policies issued for public liability insurance for automobile bodily injury required to be provided by section 17 of the Vehicle and Traffic Law, and the gross direct premiums therefrom, less return premiums thereon, were included by respondent in the questioned assessment. By its petition appellant sought to review such inclusion and contends that the aforesaid premiums should have been excluded from said assessment. It further contends that if it be determined that the statute permits such inclusion then it infringes upon constitutional guaranties.

In its first contention appellant relies upon the exemptions of the application of the aforesaid article 6-A, provided for by sections 94-ff and 94-t [subd. (a)] thereof. With such contention I do not agree. Said section 94-ff applies only to *motor vehicles* for the operation of which security is required by said section 17, and upon compliance with which such *vehicles* are exempted from the operation of the new act, viz., article 6-A (*supra*); and said section 94-t [subd. (a)] merely supplements the aforesaid exemption by declaring that such policies of insurance which furnish the security thus required shall, if so indorsed, be deemed adequate proof of the financial responsibility called for by said article 6-A. Not only do these exemptions fail of application to the specified base of assessment and the distribution of the State's expense of administration, but instead, they point the new Act (article 6-A, *supra*) to an integration with said section 17 in the general subject matter of compulsory motor vehicle public liability insurance. To my mind said exemptions tend to illustrate the equitable distribution of the burden cast for the State's expense in administering the new Act; and they furnish support for the base of the assessment adopted by respondent by indicating a legislative intent as to the literalness of its specification of that base.

The history of the new legislation confirms such a view of legislative intent. As initially enacted, the base of the assessment was so arranged that the burden of the reimbursement was cast only upon insurance carriers and self-insurers, '' * * * in proportion to the number of motor vehicles in connection with which proof of financial responsibility under

this article was furnished or given by them * * *.'' (§ 94-ii, as added by L. 1941, ch. 872.) This in effect made the burden, contingent upon the fortuity of automobile accidents and cast it upon those carriers whose assureds were or had been involved therein. There was thus excluded from the base for the assessment, a major part of benefits flowing to insurance carriers from the writing of public liability insurance for bodily injury. The inequities of such a base and difficulties incident its administration are obvious, and the fact that before it could be put into effective operation it was amended as herein first stated is, to my mind, strong indication that as now arranged it was intended to have the inclusive effect its literalness denotes, and that appellant's contention for the implied restriction it seeks is without force or merit.

I fail to see how the assessment as now provided for by the statute (§ 94-ii, *supra,* as amd. by L. 1942, ch. 324) infringes upon any constitutional guaranties. It provides a uniform classification for the assessment. It includes all insurance carriers who write a specified type of insurance and makes the premiums therefrom the assessment base, the ratio whereof is in proportion to premium income. The lawfulness of special levies of such nature has been upheld. (*Charlotte, etc., Railroad* v. *Gibbes,* 142 U. S. 386; *Bronx Gas & Electric Co.* v. *Maltbie,* 268 N. Y. 278.) I can see no prohibition by fundamental law for the State to reimburse itself by casting the burden proportionately upon those who benefit financially, directly or indirectly, by the statutory regulations and those who are permitted by law to benefit generally in such field of insurance wherein the policies written are made acceptable under the compulsions of those regulations.

In the original make-up of appellant's assessment for the year 1941–42, respondent's predecessor inadvertently omitted from its amount of premium base, premiums it had written on policies required under said section 17. Such omission was not discovered until after the rate of assessment had been fixed as to all others liable therefor and, on January 13, 1943, respondent made an additional assessment upon petitioner on account of its omitted business aforesaid and at the same rate it had applied to all other assessments. This resulted in an additional assessment, being the one here particularly involved, in the amount of $6,943.80. If this be upheld and collected it will, of course, result in the respondent's having collected the latter amount in excess of the State's expenses in administering the

Act during such period. The appellant also questions this; contends that its payment of the original assessment was a full and final discharge of its obligation and that respondent was without legal power to impose the additional one. In this I think the appellant is in error. The act of the Commissioner in making the assessment was purely administrative. He has no power to make judicial determinations which exhaust such power upon complaint of one affected by his actions, but he has power in his administrative capacity to make a proper correction of the matter in determining subsequent assessments.

The order appealed from should be affirmed, with costs to the respondent.

HILL, P. J., BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Order appealed from affirmed, with twenty-five dollars costs and disbursements to the respondent. [See 268 App. Div. ——.]